UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| KEVIN LA'VON GILES, | Case No. 1:24-cv-10138 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | |
| MERRICK GARLAND, DAWN ISON,<br>SARA WOODARD, DIANE N. PRINC,<br>and MICHAEL E. CARTER, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* / | |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the following reasons, **I RECOMMEND** that the Court **DISMISS** Plaintiff's complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

**II.    REPORT**

**A. INTRODUCTION**

Plaintiff filed this *pro se* prisoner civil rights complaint pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)[1] on

---

[1] A *Bivens* action is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001). It is "the federal analog to suits brought against state officials under .

1

January 17, 2024. (ECF No. 1.) The Defendants in this case are the Attorney General (Defendant Garland), the United States Attorney for the Eastern District of Michigan (Defendant Ison), Assistant United States Attorneys (Defendants Woodward and Prine), and the Executive Director of the Federal Community Defender's Office (Defendant Carter). Plaintiff alleges violations of his constitutional rights (without specificity as to what actions amount to a violation of which amendment) and lodges complaints about his ongoing criminal prosecution in federal court. (ECF No. 1, PageID.17-21.) Plaintiff seeks "a mandatory injunction and declaratory relief . . . [and] an award of damages [in the amount of] 250 million dollars." (*Id.* at PageID.9.) I note that Plaintiff is a criminal defendant in a currently ongoing case charging him with sex trafficking of children. *See* E.D. Mich. Case No. 21-CR-20398.

## B. LEGAL STANDARD

Plaintiff is proceeding IFP, subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. *See Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to

---

. . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006).

proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The Supreme Court has established that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319,

3

325 (1989).² A complaint is also frivolous and can be dismissed if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction."); *Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 941 (5th Cir. 1999) (citing caselaw for the proposition that a complaint is frivolous and can be dismissed on screening if the subject matter is outside the court's jurisdiction); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### C. ANALYSIS

A civil rights action under 42 U.S.C. § 1983 or *Bivens* consists of two elements (1) the conduct about which he complains was committed by a person acting under color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must

---

² The Court also held that the frivolousness analysis differed from the "failure to state a claim" analysis—a complaint might not be frivolous because it raises an arguable question of law but still fail to state a claim. *Id.* When *Neitzke* was decided, the statute allowed screening of frivolous or malicious claims, but had not yet been amended to permit screening for failure to state a claim. 28 U.S.C. § 1915(d). That amendment came in 1996. *See* Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, § 804, 110 Stat. 1321 (April 26, 1996).

allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Id*. at 375–76; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Importantly, liability under § 1983 must be based on more than a theory of respondeat superior. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

Plaintiff fails to include any allegations as to Defendants Garland, or Ison. Aside from listing these Defendants in the caption, these Defendants are not mentioned in the complaint. (*See generally* ECF No. 1.) Because Plaintiff's complaint does not allege any personal involvement by these Defendants, the undersigned recommends they be dismissed from the action. *See Cox v. Dotson*, No. 10-14561, 2012 WL 32715, at *1 (E.D. Mich. Jan. 6, 2012); *Hill v. Whitmer*, No. 20-cv-13440, 2023 WL 196964, at *3 (E.D Mich. Jan. 17, 2023) (adopting magistrate judge's report and recommendation to dismiss a defendant due to plaintiff's "failure to plead personal involvement"); *Davis v. Straub*, No. 10-14397, 2011 WL 2415357, at *1 (E.D. Mich. June 13, 2011).

Defendants Woodward and Prine as Assistant United States Attorneys, are entitled to immunity from suits for damages. *Imbler v. Pachtman*, 424 U.S. 409-430-31 (1976). Similarly, as to Defendant Carter, an attorney appointed to defend a

5

criminal defendant in federal court is not "transformed" into a federal actor for purposes of a *Bivens* action and thus should also be dismissed from this action. *Beasley v. Poole*, 2011 WL 2689347, at *7-8 (E.D. Tenn. July 11, 2011)(collecting cases).

Finally, I suggest that Plaintiff's complaint is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Generally, suits challenging the fact or duration of confinement must be brought under the habeas corpus statutes and not § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In *Heck v. Humphrey*, however, the U.S. Supreme Court considered whether this rule should be modified where a prisoner does not seek release but instead seeks an award of monetary damages. The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

This "favorable termination" rule bars § 1983 claims that "would necessarily imply the invalidity" of a prior conviction or sentence that has not been overturned.

6

*Id.* at 487. However, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (emphasis in original). The favorable termination rule "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.* at 512 U.S. at 490, n.10; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). In addition, challenges based on procedural defects rather than erroneous results are also subject to the limitation announced in *Heck*. *Edwards v. Balisok*, 520 U.S. 650, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (if established, procedural defect would imply the invalidity of the deprivation of good-time credits and thus, was *Heck*-barred).

The *Heck* holding applies not only to state actions brought under § 1983 but also to *Bivens* actions such as the instant case. *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998) (joining the Fifth and Eleventh Circuits).

In the instant case, Plaintiff is challenging the conduct of the Assistant United States Attorneys in prosecution, discovery practices, and bond hearings, and the practices of his counsel. There can be no doubt that Plaintiff is challenging the validity of his conviction and the fact of his incarceration. Accordingly, I suggest that Plaintiff's claims are *Heck*-barred and that the Complaint should be dismissed in its entirety on this ground alone.

Although Plaintiff avers that he seeks other relief, such as, declaratory relief and injunctive relief, he does not indicate what any defendant should be enjoined from doing. Therefore, he does not actually seek injunctive relief or other cognizable forms of relief that could proceed.

I further note that since this action would seek to undermine decisions made in the pending federal criminal case, the Court should abstain from exercising jurisdiction in this case. *McChester v. Davis*, 2021 WL 4315808, at *2 (E.D. Mich. Sept. 22, 2021) ("a similar rule of restraint [should] apply where a federal pretrial detainee raises claims which challenge ongoing federal criminal proceedings" as it would if Plaintiff were challenging ongoing state criminal proceedings).

For all the reasons stated above, I recommend the Complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

For these reasons, I recommend that the Court **DISMISS** Plaintiff's complaint.

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days

after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

9

Date: January 25, 2024　　　　　　　　　S/PATRICIA T. MORRIS
　　　　　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

10