UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN LA'VON GILES,

        Plaintiff,                       Case No. 1:24-cv-10138

v.                                            Honorable Thomas L. Ludington
                                                United States District Judge

MERRICK GARLAND, et al.,

                                                Honorable Patricia T. Morris
        Defendants.             United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, *SUA SPONTE* DISMISSING CASE, AND DENYING PLAINTIFF'S MOTIONS AS MOOT**

In February 2022, a federal grand jury in the Eastern District of Michigan returned a superseding indictment against Plaintiff Kevin La'von Giles charging him with two counts of sex trafficking of children, 18 U.S.C. § 1591(a); sex trafficking by force, fraud, or coercion, 18 U.S.C. § 1591(a); commission of a felony involving a minor by a registered sex offender, 18 U.S.C. § 2260A; and criminal forfeiture, 18 U.S.C. § 1594(d). His criminal trial is scheduled to begin in the Southern Division in July 2024.

In January 2024, however, Plaintiff initiated the above-captioned civil case in the Northern Division by filing a *pro se* complaint against the United States Attorney General Merrick Garland, United States Attorney for the Eastern District of Michigan Dawn Ison, Assistant United States Attorney Sara Woodard, Assistant United States Attorney Diane Princ, and his former defense attorney Michael E. Carter—alleging they violated his Eight, Fourteenth, Sixth, and Fifth Amendment Rights throughout his criminal prosecution.

Magistrate Judge Patricia T. Morris screened Plaintiff's Complaint under the Prison Litigation Reform Act and recommended this Court dismiss Plaintiff's Complaint for frivolity and

failure to state a claim. Currently before this Court are Plaintiff's four objections to Judge Morris's Report, which, for reasons discussed below, will be overruled. Accordingly, Judge Morris's report and recommendation will be adopted, Plaintiff's Complaint will be dismissed, and Plaintiff's pending motions for appointed counsel will be denied as moot.

I.

Plaintiff Kevin La'von Giles is currently awaiting trial on criminal charges of sex trafficking of children, sex trafficking by force, fraud, or coercion, and commission of a felony involving a minor by a registered sex offender. *See*, *United States v. Giles*, No. 2:21-cr-20398 (E.D. Mich. Feb. 17, 2022), ECF No. 60. On January 17, 2024, Giles, proceeding *pro se*, filed this *civil* Complaint against Defendants (1) United States Attorney General Merrick Garland; (2) United States Attorney for the Eastern District of Michigan Dawn Ison; (3) Assistant United States Attorney Sara Woodard; (4) Assistant United States Attorney Diane Princ; and (5) his former defense attorney Michael E. Carter,[1] alleging they violated his Eight, Fourteenth, Sixth, and Fifth Amendment Rights throughout his prosecution. ECF No. 1. Plaintiff seeks a "mandatory injunction and declaratory relief," along with "an award of damages of 250 million dollars." *Id.* at PageID.9.

All pretrial matters in this case were referred to Magistrate Judge Patricia T. Morris. ECF No. 5. On January 23, 2024, Judge Morris granted Plaintiff's application to proceed *in forma*

---

[1]Notably, Michael Carter also serves as the Chief Public Defender and Executive Director of the Federal Community Defender's Office for the Eastern District of Michigan. *See Michael Carter is Named Executive Director*, FED. CMTY. DEF. E.D. MICH, https://mie.fd.org/michael-carter-named-executive-director (last visited Apr. 2, 2024) [https://perma.cc/8EH2-HEQR]. But all allegations against Michael Carter in the above-captioned case concern his appointed, personal representation of Plaintiff throughout Plaintiff's criminal prosecution. *See* ECF No. 1 at PageID.20 ("Mr Michael Carter was a prior attorney of mine. Mr. Carter was ineffective as counsel within my case and conspired with AUSA[s] Sara Woodard [and] Diane Princ.") Defendant Carter represented Plaintiff in Plaintiff's criminal case from September 2021 through March 2023. *United States v. Giles*, No. 2:21-cr-20398 (E.D. Mich. Feb. 17, 2022), ECF Nos. 36; 98.

*pauperis*, ECF No. 2. ECF No. 6. Two days later, Judge Morris issued a report (R&R) recommending this Court *sua sponte* dismiss Plaintiff's Complaint for frivolity and failure to state a claim. ECF No. 7 at PageID.39.

First, Judge Morris recommended Defendants Garland and Ison be dismissed because Plaintiff did not plead any allegations against them in his Complaint. *Id.* at PageID.36 ("Aside from listing these Defendants in the caption, these Defendants are not mentioned in the [C]omplaint.") Second, Judge Morris concluded that Defendants Woodard and Princ are entitled to absolute prosecutorial immunity from § 1983 damages. *Id.* As for Defendant Carter, Judge Morris concluded he was not a sufficient "federal actor" to impose *Bivens* liability in the first instance. *Id.* at PageID.36–37. Third, Judge Morris concluded that Plaintiff's Complaint is barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff challenges the fact and duration of his confinement. *Id.* at PageID.37–38. Fourth, Judge Morris noted that Plaintiff's request for general "mandatory injunctive relief" was too broad and non-cognizable. *Id.* at PageID.39 (noting Plaintiff "does not indicates what any Defendants should be enjoined from doing"). Judge Morris concluded by noting "this action would seek to undermine decisions made in [Plaintiff's] pending criminal case, [and thus] the Court should abstain from exercising jurisdiction[.]" *Id.*

In late January 2024, Plaintiff filed two motions for appointed counsel. ECF Nos. 8; 9. In early February 2024, Plaintiff filed a Motion for a 30-day Extension to either "find an attorney" or object to the R&R. ECF No. 10. But Plaintiff then filed a Motion to Respond to the R&R, received by this Court on February 6, 2024, which raised four objections to the R&R. ECF No. 13.

## II.

### A.

Under Civil Rule 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Any objection which fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review[.]"); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Additionally, parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

If a party makes a timely, specific objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court is free to accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

**B.**

As Plaintiff proceeds *in forma pauperis*, his Complaint is subject to the screening requirements established by the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1914(e)(2)(B). Importantly, the PLRA's screening requirement applies equally to both prisoner and non-prisoner plaintiffs. *Baker v. Wayne Cnty. Fam. Indep. Agency*, 75 F. App'x 501, 502 (6th Cir. 2003); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007); *Groulx v. Saginaw Cnty. Rd. Comm'n*, No. 1:22-CV-12049, 2022 WL 7145652, at *1 (E.D. Mich. Sept. 26, 2022), *report and recommendation adopted*, No. 1:22-CV-12049, 2022 WL 7055158 (E.D. Mich. Oct. 12, 2022). Under the PLRA, district courts must screen prisoner and non-prisoner *in forma pauperis* complaints and must *sua sponte* dismiss a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

An *in forma pauperis* complaint is frivolous—and must be dismissed—if it lacks an arguable basis in law or fact. *Sears v. Washington*, 655 F. Supp. 3d 624, 626 (E.D. Mich. 2023) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) and *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations. *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28).

And a complaint fails to state a claim upon which relief can be granted if it does not contain allegations that support recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79. (2009). Plaintiff must assert "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Id.*; *see also Sears*, 655 F. Supp. 3d at 626. So, mere "'labels and conclusions' or

'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Sears*, 655 F. Supp. 3d at 626. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Sears*, 655 F. Supp. 3d at 626 (internal quotations and citations omitted). Further, when a plaintiff brings a *Bivens* claim alleging federal officials deprived them of their constitutional rights in violation of 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Elhady v. Pew*, 370 F. Supp. 3d 757, 767 (E.D. Mich. 2019) (quoting *Iqbal*, 556 U.S. at 676).

### III.

Plaintiff raised four objections to the R&R. ECF No. 13 at PageID.55–62. Each objection will be addressed in turn.

### A.

In Plaintiff's first objection, he argues:

> I wrote Attorney general Merrick Garland on June 6, 2023 telling him about AUSA Sara Woodard, AUSA Diane N. Princ, prosecutorial misconduct, . . . fabrication of evidence, [and] lying under oath. Mr. Garland is over all AUSA Attorneys and hold them accountable for their misconduct. He Garland refused to reply to my letter, or look into my issue.

*Id.* at PageID.55. This objection will be overruled.

Plaintiff's first objection does not identify any portion of the R&R Plaintiff views as erroneous and, thus, is improper. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (noting "objections [are] to be specific in order to focus the busy district court's attention on only those issues that [are] dispositive and contentious"); ECF No. 7

at PageID.40 ("Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.").

To the extent Plaintiff's first objection specifically challenges Judge Morris's conclusion that Plaintiff's Complaint failed to sufficiently allege Defendant Garland's personal involvement, the objection will still be overruled because it simply repeats the threadbare allegations against Defendant Garland that Plaintiff included in his Complaint, which was thoroughly reviewed by Judge Morris before issuing her R&R. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Compare* ECF No. 1 at PageID.21 ("Wrote Attorney General Merrick Garland about this problem with Sara Woodard [and] Diane N. Princ lying [but] never heard nothing back.") *with* ECF No. 13 at PageID.55 ("I wrote Attorney [G]eneral Merrick Garland . . . about AUSA Sara Woodard [and] AUSA Diane N. Princ[']s prosecutorial misconduct, . . . fabrication of evidence, [and] lying under oath [but] [h]e refused to reply[.]"). And even if this allegation was sufficient *to state a claim* under the Rule 12(b)(6) standard, the allegation lacks an arguable basis in law—so dismissal for frivolity is proper. Simply stated, the U.S. Attorney General's alleged "refusal" to reply to a criminal defendant's letter or hold federal prosecutors "accountable" for alleged but unsupported misconduct throughout the criminal defendant's case does not plausibly show a deprivation of a criminal defendant's Eight, Fourteenth, Sixth, or Fifth Amendment rights. *See* ECF No. 1 at PageID.5.

Plaintiff's first objection will be overruled and the R&R will be adopted accordingly.

**B.**

Plaintiff's second objection is similar to his first. In his second objection, Plaintiff argues:

> Dawn Ison is the Head United States Attorney of [the] Eastern District of Michigan. On June 6, 2023[,] I sent Dawn Ison a copy of the letter I sent to Attorney General Garland [about] AUSA Sara Woodard [and] AUSA Diane N. Princ['s alleged] [p]rosecutorial misconduct. Dawn Ison refused to reply to my complaint or look into it. Under Rule 8.3 Reporting Professional [M]isconduct, [a] lawyer having knowledge that another lawyer has committed a significant violation of the Rules of Professional Conduct that raises a substantial question to that lawyer[']s honesty, trustworthiness, or fitness as a lawyer shall inform the Attorney Grievance Commission. Attorney Dawn Ison refuse[d] to hold AUSA Sara D. Woodward [and] AUSA Diane N. Princ to the Rules of Michigan Professional Conduct or Rule 8.1-8.5 Maintaining the integrity of the profession. It is Dawn Ison[']s duty to see to it that all AUSAs are maintaining the integrity of the profession.

ECF No. 13 at PageID.55. This objection will also be overruled.

Like his first objection, Plaintiff's second objection does not identify any challenged portion of the R&R. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (noting "objections [are] to be specific in order to focus the busy district court's attention on only those issues that [are] dispositive and contentious"); ECF No. 7 at PageID.40 ("Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.").

To the extent Plaintiff's second objection argues Judge Morris erred by concluding that Plaintiff's Complaint did not sufficiently allege Defendant Ison's personal involvement, the objection will be overruled because it largely repeats the same allegations against Defendant Ison that Plaintiff included in his Complaint. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Compare* ECF No. 1 at PageID.22 ("I wrote Dawn Ison about this problem dealing with Sara Woodard [and] Diane Princ lying [but] never got any reply.") *with* ECF No. 13 at PageID.55 ("I sent Dawn Ison a copy of the letter I sent to Attorney General Garland [about] AUSA Sara Woodard [and] AUSA Diane N. Princ['s alleged] [p]rosecutorial misconduct. Dawn Ison refused to reply to my complaint or look into it."). And

even if this allegation was sufficient *to state a claim* against Defendant Ison under the Rule 12(b)(6) standard, the allegation lacks an arguable basis in law and is properly dismissed as frivolous. Defendant Ison's alleged "refusal" to reply to Plaintiff's "complaint" about Defendants Woodard and Princ does not plausibly show a deprivation of a criminal defendant's Eight, Fourteenth, Sixth, or Fifth Amendment rights. *See* ECF No. 1 at PageID.5.

To the extent Plaintiff argues—without any sufficient factual support—that Defendant Ison violated the American Bar Association's (ABA) Model Rules of Professional Conduct, this improperly "raise[s] at the district court stage [a] new argument[] or issue[] that w[as] not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). And even if the argument was presented before the R&R, it is without merit because alleged violations of the ABA Model Rules do not rise to the level of cognizable constitutional claims. *See, e.g.*, MODEL RULES FOR LAW. DISCIPLINARY ENF'T, RULE 10 (AM. BAR ASS'N 2020) (limiting sanctions for lawyer misconduct to (1) disbarment; (2) suspension; (3) probation; (4) a written, published reprimand; (5) pre-condemnation admonition; (6) restitution to those financially harmed; (7) assessment of the disciplinary proceeding's costs; and (8) conditions placed on the lawyer's future practice).

In sum, Plaintiff's second objection will be overruled because it largely repeats the allegations within Plaintiff's Complaint which Judge Morris found insufficient to state a claim against Defendant Ison and, to the extent the objection is not repetitive, it improperly presents a new argument that lacks merit.

## C.

In his third objection, Plaintiff's argues Judge Morris erred in concluding that Assistant United States Attorneys Woodward and Princ are entitled to absolute prosecutorial immunity

because (1) both "knowingly and intentionally made lying statements under oath" throughout Plaintiff's criminal prosecution and (2) fabrication of evidence "is not protected by prosecutorial immunity." *See* ECF No. 13 at PageID.56–60.

"American law has long recognized 'absolute immunity' for those 'whose special functions or constitutional status requires complete protection from suit.'" *Barnett v. Smithwick*, 835 F. App'x 31, 35–36 (6th Cir. 2020) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)). And this "brand of immunity extends to government officers like prosecutors whose activities are 'intimately associated' with the judicial process." *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Indeed, the Sixth Circuit has repeatedly recognized that absolute prosecutorial immunity has a "long reach" and "extends even to 'unquestionably illegal or improper conduct,' including instances where a defendant is genuinely wronged." *Price v. Montgomery Cnty.*, 72 F.4th 711, 719 (6th Cir. 2023) (quoting *Cady v. Arenac County*, 574 F.3d 334, 340 (6th Cir. 2009)).

Indeed, the absolute immunity afforded to prosecutors generally has only two limits: (1) prosecutors are only immune from § 1983 damages, not declaratory relief, *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); and (2) prosecutors are not immune if their challenged conduct is not "intimately associated with the judicial process." *Id.* at 719–20; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Examples of prosecutorial conduct not intimately associated with the judicial process—and thus subject to suit—include investigative efforts to obtain arrest warrants, authorizing wiretaps, advising the police, making statements at press conferences, and making statements in arrest warrant affidavits. *See id.*; *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003) (collecting cases). "The analytical key to prosecutorial immunity, therefore, is advocacy—whether the actions in question are those of an advocate." *Spurlock*, 330 F.3d at 798 (quoting *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000)).

Accordingly, "the 'critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process.'" *Id.*

Here, as Judge Morris correctly concluded, Assistant United States Attorneys Woodward and Princ are absolutely immune from Plaintiff's § 1983 damages claims because the thrust of Plaintiff's allegations against Defendants Woodward and Princ concern their "initiation and pursuit" of Plaintiff's criminal prosecution—conduct intimately associated with the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); ECF No. 1 at PageID.17–19 (alleging Defendants Woodward and Princ misled the court and lied throughout Plaintiff's criminal proceedings).

The two arguments asserted in Plaintiff's third objection do not alter the immunity analysis nor change the outcome. Plaintiff first argues that Defendants Woodward and Princ "knowingly and intentionally made lying statements under oath" throughout Plaintiff's criminal prosecution. ECF No. 13 at PageID.56. But this only repeats the allegations in Plaintiff's Complaint which Judge Morris thoroughly reviewed before issuing her R&R and concluding these Defendants are absolutely immune from § 1983 damages. *See* ECF Nos. 1 at PageID.17–18 (alleging Defendants Woodward and Princ "continue to mislead the court" and "continue to lie" throughout proceedings). And the alleged falsity of the statements is irrelevant for immunity purposes. Because Plaintiff alleges these statements were made during Defendants Woodward and Princ's "initiation and pursuit" of Plaintiff's criminal prosecution, Defendants Woodward and Princ are absolutely immune. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (citing *Imbler*, 424 U.S. 409)).

Plaintiff next argues that Defendants Woodward and Princ are not absolutely immune because Plaintiff alleges they fabricated and tampered with evidence and such claims are

categorically excluded from prosecutorial immunity. *See* ECF No. 13 at PageID56–57. Not so. In *Buckley v. Fitzimmons*—cited by Plaintiff in his *fourth* objection,[2] *id.* at PageID.62—the Supreme Court rejected absolute prosecutorial immunity when two prosecutors allegedly fabricated evidence. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). But the holding in *Buckley* was limited to the facts of that case, and the fabrication allegations against Defendants Woodward and Princ are dissimilar.

In *Buckley*, plaintiff Stephen Buckley was suspected of murder and spent three years in jail before being released after a third-party confessed. *Id.* at 261–64. Buckley sued the prosecutors in his criminal case and alleged (1) they fabricated evidence against him by eliciting the testimony of an expert— known to be unreliable—that a boot print left at the crime scene matched Buckley's boots, even though three other experts had already found no match; and then (2) presented this fabricated evidence against Buckley at his trial. *Id.* at 262–64. The Supreme Court held that the prosecutors were not entitled to absolute immunity because their "witness shopping" was *not* akin to advocacy nor intimately associated with the judicial process. *Id.* at 272–75. On the contrary, the prosecutors cherry-picked the expert while "working hand in hand with the sheriff's detectives" *months* before the grand jury was empaneled and Buckley's subsequent arrest. *Id.* at 272, 275–76 ("When the functions of the prosecutors and detectives are the same, . . . the immunity that protects them is also the same.").

Here, the fabrication allegations in Plaintiff's Complaint do not plausibly suggest Defendants Woodward or Princ acted in an investigative capacity and, instead, seemingly concern Defendants Woodward and Princ's post-arrest conduct throughout discovery. Plaintiff alleges Defendants Woodard and Princ:

---

[2] Plaintiff mistakenly labeled this objection "Response to Objection 3." ECF No. 13 at PageID.60.

> "tampered with evidence dealing with [Plaintiff's] iPhone. [W]hile looking through. . . *discovery*, [Plaintiff] noticed the name Big Poppa Kevin was placed in [his] text messages. [But Plaintiff] never downloaded this name . . . or any other name. In . . . *discovery* when you look into [Plaintiff's] call log you don't see any name all you see is [his] phone number. Now in [his] text messages all you see is Big Pappa Kevin. . . . AUSA Sara Woodward and AUSA Princ refuse to allow the expect to download my phone they continue to give my attorney tampered download hard drives."

ECF No. 1 at PageID.18–19 (emphasis added) ("expect" in original). Even assuming these convoluted allegations plausibly plead a constitutional claim—a conclusion that this Court does not reach—they do not plausibly show Defendants Woodward or Princ acted in an investigatory manner outside the judicial process such that they would not be entitled to absolute prosecutorial immunity.

In sum, Plaintiff's third objection will be overruled because Judge Morris correctly concluded that Defendants Woodward and Princ, two assistant United States Attorneys for the Eastern District of Michigan, are entitled to absolute prosecutorial immunity from Plaintiff's § 1983 damages claims.

### D.

Plaintiff's fourth and final objection concerns Defendant Michael Carter, the Chief Public Defender for the Eastern District of Michigan and Plaintiff's former defense counsel. ECF No. 13 at PageID.60–62. Similar to his third objection, Plaintiff argues Defendant Carter "is not entitled to immunity" because he allegedly lied under oath and fabricated evidence. *Id.* But Judge Morris did not conclude that Defendant Carter was *immune* from Plaintiff's constitutional claims. Instead, Judge Morris concluded, correctly, that "an attorney appointed to defend a criminal defendant in federal court is not 'transformed' into a federal actor for the purposes of a *Bivens* action," and thus recommended Defendant Carter's dismissal. ECF No. 7 at PageID.36–37 (citing *Beasley v. Poole*, 2011 WL 2689347, at *7-8 (E.D. Tenn. July 11, 2011) (collecting cases)). Because Plaintiff's

fourth objection challenges a conclusion the R&R did not reach, it will be overruled. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections to Magistrate Judge Morris's Report and Recommendation, ECF No. 13, are **OVERRUELED.**

Further, it is **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 7, is **ADOPTED**.

Further, it is **ORDERED** that the above-captioned case is **DISMISSED.**

Further, it is **ORDERED** that Plaintiff's Motion to Appoint Counsel, ECF No. 8, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff's Motion to Appoint Counsel, ECF No. 9, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff's Motion for a 30-Day Extension of Time to Find an Attorney, ECF No. 10, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: April 5, 2024

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge